**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-1625**
_____

DONALD JACOBS; NORMA JACOBS,

                                      Plaintiffs - Appellants,

      versus

STATE OF MARYLAND DEPARTMENT OF NATURAL
RESOURCES; JOHN W. RHOADES; MICHAEL G. SEWELL,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Alexander Harvey II, Senior District
Judge.  (CA-02-1450-1-AH)

_____

Submitted:  January 30, 2004     Decided:  February 20, 2004

_____

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Neal M. Janey, Sr., THE JANEY LAW FIRM, P.C., Baltimore, Maryland,
for Appellants.  J. Joseph Curran, Jr., Attorney General, Paul J.
Cucuzzella, Joseph P. Gill, Assistant Attorneys General, Annapolis,
Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Donald and Norma Jacobs appeal the district court's order awarding summary judgment in favor of Defendants Lieutenant Michael G. Sewell and Colonel John W. Rhoades. Donald Jacobs, an officer with the Maryland Department of Natural Resources, was tried and acquitted for the alleged theft of two hundred dollars from a larger sum of money that had been seized during an arrest in which he participated. After his acquittal, Jacobs brought several state claims and Fourth and Fifth Amendment claims pursuant to 42 U.S.C. § 1983 (2000). The district court dismissed Jacobs' state claims without prejudice and granted Sewell and Rhoades' motion for summary judgment as to the federal claims. On appeal, Jacobs claims the district court erred in finding Sewell and Rhoades were entitled to qualified immunity and granting their motion for summary judgment.

We review de novo a district court's grant of summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).

Jacobs contends that the district court erred in granting Sewell and Rhoades qualified immunity. Qualified immunity protects government officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The district court correctly ruled that neither Sewell nor Rhoades violated any clearly established Fifth Amendment right because their use of Jacobs' compelled statements was limited to the criminal investigation. See Wiley v. Mayor of Baltimore, 48 F.3d 773, 777 (4th Cir. 1995); see also Chavez v. Martinez, 538 U.S. __, 123 S.Ct. 1994, 2000, 2007 (2003). As to Jacobs' claim that Rhoades and Sewell violated his Fourth Amendment rights based on Jacobs' arrest, these Defendants neither arrested Jacobs nor made the decision to have him arrested. Therefore, Sewell and Rhoades are entitled to qualified immunity because their conduct did not violate a clearly established constitutional right.

Because we conclude that Rhoades and Sewell were entitled to qualified immunity, we need not reach the merits of Jacobs' claims.[*] Cf. Saucier v. Katz, 533 U.S. 194, 199-205 (2001). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

---

[*]Jacobs does not challenge the dismissal of the action as to Defendant Maryland Department of Natural Resources, nor does he challenge the dismissal without prejudice of his state law claims.